IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD L. HAUBER,

                              Petitioner,

  v.                                                 OPINION and ORDER

ROGER KLOPP,                                   25-cv-902-jdp

                              Respondent.

---

Petitioner Chad L. Hauber seeks relief under 28 U.S.C. § 2241. Hauber alleges that respondent, a state court judge, denied his request to extend the time to attend a child support contempt hearing or to attend the hearing remotely, and failed to appoint counsel to represent him at that hearing. I take Hauber to bring claims under the Fourteenth Amendment Due Process Clause.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition without leave to amend because a § 2241 petition in federal court is not the proper vehicle for the relief Hauber seeks. And even if I could reach the merits, Hauber fails to state a plausible constitutional claim.

BACKGROUND

The background is drawn from the petition and the docket sheet in Columbia County (Wis.) Circuit Court case no. 2020FA112. Several years ago, a child support order was entered

in the La Crosse County (Wis.) Circuit Court against Hauber, but venue was later transferred to the Columbia County Circuit Court. Hauber relocated from Wisconsin to Maine in May 2020, and to North Carolina in September 2023. Hauber currently resides in Lee County, North Carolina, and he says that he has paid the support obligation to that county.

A North Carolina judge filed an order to show cause in the Columbia County Circuit Court, which respondent Judge Klopp accepted. On May 19, 2025, Klopp scheduled an order to show cause hearing for June 25, 2025. Hauber says that he didn't receive notice of the hearing until June 10, 2025. A week later, Hauber moved to reschedule the hearing, which Klopp denied. Two days after that, Hauber asked for permission to appear by Zoom, which Klopp also denied.

The hearing was held as scheduled. The mother of Hauber's child, Jennifer J. Cornwell, attended the hearing, at which she proceeded without counsel. Cornwell addressed her motion for contempt. Counsel for the state of Wisconsin also appeared at the hearing. Klopp found Hauber in contempt and, in late July 2025, a warrant was issued for his arrest.

ANALYSIS

The petition has two primary problems. First, Hauber's claim is not one that can be addressed in a § 2241 petition. Second, even if I could consider Hauber's claims for relief, they are facially implausible.

A. Improper § 2241 petition

Federal courts may hear a § 2241 petition "only where the individual seeking the writ is 'in custody.'" *Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008); *see also* 28 U.S.C. § 2241(c). "Historically, federal courts interpreted the 'in custody' requirement strictly; they

2

required that an individual be in the state's physical custody at the time that he or she filed the habeas petition." *Id.* Courts have expanded the definition of "in custody" beyond strict physical custody, but petitioners still at least must establish that they face significant restraints on their liberty not shared by the general public. *See id.*; *see also Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

A judicial action, like an arrest warrant, that requires an individual's appearance in court and subjects him to the possibility of detention doesn't meet § 2241's "in custody" requirement. *See U. S. ex rel. Meyer v. Weil*, 458 F.2d 1068, 1071 (7th Cir. 1972); *Elliott v. Cochise Cnty.*, 212 F. App'x 677, 678 (9th Cir. 2006); *Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 24 (1st Cir. 1991). Nor do orders of restitution or fines satisfy the "in custody" requirement. *Virsnieks*, 521 F.3d at 718. Along similar lines, a civil judgment requiring an individual to pay child support fails to meet the "in custody" requirement. *See Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984).

Hauber alleges that he's subject to an arrest warrant based on respondent's child support contempt order. But Hauber has yet to be taken into physical custody and he faces only the possibility of detention, so he hasn't met the "in custody" requirement. Nor does Hauber's obligation to pay child support meet that requirement. Hauber has improperly filed the petition under § 2241.

B.  **The merits of Hauber's due process claims**

I take Hauber to bring two due process claims. The first is a procedural due process claim based on Hauber's allegations that respondent denied him a meaningful opportunity to participate in the order to show cause hearing. The second is a due process claim based on respondent's failure to appoint counsel to represent Hauber at that hearing.

1. **Procedural due process**

To state a procedural due process claim, Hauber must plausibly allege that he was denied a protected liberty interest without adequate process. *See Brown v. City of Mich. City, Ind.*, 462 F.3d 720, 728 (7th Cir. 2006). "The cornerstone of due process is notice and the opportunity to be heard at a meaningful time and in a meaningful manner." *Knutson v. Vill. of Lakemoor*, 932 F.3d 572, 576 (7th Cir. 2019).

Hauber acknowledges that he received notice of the June 25 order to show cause hearing 15 days before it was held. But Hauber contends that he didn't receive a meaningful opportunity to contest Cornwell's motion for contempt because it was unreasonable to expect him to travel from North Carolina to Wisconsin on 15 days' notice. But 15 days is enough time to travel that distance. Hauber also says that he had to arrange to take time off work and that the trip would be expensive. But Hauber hasn't substantiated these vague statements, and § 2241 petitions "must meet heightened pleading requirements." *Compare McFarland v. Scott*, 512 U.S. 849, 856 (1994), *with* Rule 4, Section 2254 Rules. More fundamentally, Hauber at most describes inconveniences, not major obstacles to attending the contempt hearing. Also, Hauber spent the 15-day period challenging respondent's order that he appear in person instead of arranging for travel. Hauber hasn't plausibly alleged that respondent denied him a meaningful opportunity to contest the civil contempt order.

2. **Denial of counsel**

Hauber contends that he had a right to be represented by counsel at the order to show cause hearing. Hauber relies on *Turner v. Rogers*, 564 U.S. 431 (2011). But *Turner* held that "the Due Process Clause does *not* automatically require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, *even if*

4

that individual faces incarceration." *Id.* at 448 (emphases added). To state a claim, at a minimum, Hauber would have to plausibly allege that he's indigent. *See id.* But Hauber alleges that he's employed, that he's making support payments, that he's considered hiring an attorney, and that he's an "average American[.]" Dkt. 1 at 3. These allegations don't plausibly suggest that Hauber is indigent. I will not allow Hauber to proceed on his claim based on the denial of counsel.

For the reasons explained above, I will dismiss the petition without leave to amend. Hauber may challenge his child support contempt order or seek the appointment of counsel in the proper forum, which is state court.

ORDER

IT IS ORDERED that:

1. Petitioner Chad L. Hauber's habeas petition, Dkt. 1, is DISMISSED without leave to amend.

2. The clerk of court is directed to enter judgment and close the case.

Entered November 24, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge